UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEVIN WOMACK,

                Petitioner,                                          MEMORANDUM
                                                                       AND ORDER

                -against-

                                                                       07-CV-5432 (RJD)

ROBERT E. ERCOLE, Superintendent,

                Respondent.
----------------------------------------------------------------X
DEARIE, Chief Judge:

      By petition dated December 21, 2007, *pro se* petitioner Kevin Womack, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial review of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court directs petitioner to show cause within 30 days of the entry of this Order why the Court should not dismiss the petition as time-barred.

Background

      On February 22, 2000, petitioner was convicted of murder in the second degree and criminal possession of a weapon in the third degree by jury verdict before the New York Supreme Court, Kings County. See Petition at ¶¶ 1-6. On March 4, 2002, the Appellate Division affirmed the conviction, People v. Womack, 292 A.D.2d 402 (2d Dep't 2002), and the New York Court of

1

Appeals denied leave to appeal on May 10, 2002, People v. Womack, 98 N.Y.2d 657 (2002).

Timeliness

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about August 8, 2002, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, the instant petition should have been filed in federal court on or before August 8, 2003. Since the instant petition was filed on December 21, 2007, more than four years after the one year limitations period

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

had already expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

Prior Petition

On December 27, 2002, petitioner filed in the Southern District of New York, a timely application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the same conviction. By order dated February 21, 2003, the petition was transferred to this Court. See Womack v. Greiner, No. 03-CV-1103 (RJD). In this first application, petitioner raised one issue for federal review, ineffective assistance of counsel, which the Court had determined was unexhausted. After granting five requests for extensions of the stay initially issued under Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2000) (discussing stay and abeyance procedure in habeas cases), to permit exhaustion of this ground, petitioner failed to do so. Thereafter, by order dated April 25, 2005, the Court vacated the stay and dismissed the petition.[2]

Because the first application was dismissed for failure to exhaust, this second application challenging the same conviction does not count as a second or successive petition as set forth under 28 U.S.C. § 2244(b)(2). See Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir. 1996) (*per curiam*) ("a petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies is not a 'second or successive' petition within the meaning of § 2244.")

---

[2] Petitioner filed a notice of appeal. On November 7, 2005, while the appeal was still pending, petitioner filed a letter seeking to re-file his habeas corpus petition. By order dated January 6, 2006, the Court denied petitioner's request to reinstate the petition without the ineffective assistance of counsel claim and advised petitioner that any new claims would not relate back and would be time-barred. See Womack v. Greiner, No. 03-CV-1103 (RJD), slip op. (E.D.N.Y. Jan. 6, 2006).

Tolling

   A. *Statutory Tolling*

   In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*).

   According to petitioner, he filed a post-conviction motion to vacate his conviction under N.Y. Crim. Proc. Law § 440 ("440 motion"). See Petition at 4, ¶¶ 10-11. This 440 motion does not qualify for statutory tolling of the limitations period since it was not pending before the statute of limitations period had expired and in fact was filed in 2006 well after the limitations period had expired. Therefore, unless petitioner has failed to set forth other properly filed applications for post-conviction relief, petitioner cannot avail himself of the statutory tolling provision under § 2244(d)(2) to toll the instant petition.

   In the section of the application regarding timeliness of the petition, petitioner states:

> I withdrew my initial appeal a month after I submitted it. The Honorable Raymond J. Dearie of the United States District Court Eastern District granted my request; which was based upon me filing a 440.10 motion on an issue that was not presented for federal review.

Petition at 14, ¶ 18. Petitioner is apparently referring to the stay that was issued in the first petition pursuant to Zarvela as set forth above. However, petitioner's first application, timely filed in December 2002, does not toll the statute of limitations as set forth under § 2244(d)(2). In Duncan v. Walker, 533 U.S. 167 (2001), the Supreme Court held that the phrase "State post-conviction or

other collateral review" does not include federal habeas corpus petitions, and thus, the one-year limitations period is not tolled during the pendency of a federal habeas petition. See also Amante v. Walker, 268 F.Supp.2d 154, 157 (E.D.N.Y. 2003); De Jesus v. Miller, 215 F.Supp.2d 410, 412 (S.D.N.Y. 2002).

B. *Equitable Tolling*

The limitations period, however, may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). As currently presented, petitioner does not provide a basis for seeking equitable tolling of the limitations period.

Conclusion

The Court directs petitioner to show cause by written affirmation, within 30 days from entry of this Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S. 198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this Order. If petitioner fails to comply

with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
       January 24, 2008

s/Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge